RECEIVED
FEB 0 5 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ROBERT J. WIELAND<br>EL PASO FIREMEN & POLICEMEN'S<br>PENSION FUND<br>NORMAN V. MEYER<br>ROBERT E. HOLZRICHTER | CIVIL ACTION NO. 05-2088 |
| VS. | JUDGE MELANÇON |
| STONE ENERGY CORP.<br>DAVID H. WELCH<br>KENNETH H. BEER<br>D. PETER CANTY<br>JAMES H. PRINCE | MAGISTRATE JUDGE METHVIN |

### RULING ON MOTION FOR RECONSIDERATION AND MOTION TO CONTINUE DISPOSITION OF DEFENDANTS' MOTION
*(Rec. Docs. 87 and 88)*

Before the court are two motions: 1) the motion for reconsideration filed by defendants Stone Energy Corporation, David H. Welch, James H. Prince, and Kenneth H. Beer on December 22, 2006;[1] and 2) the motion to continue disposition of defendants' motion for summary judgment filed by lead plaintiff El Paso Firemen & Policemen's Pension Fund.[2] The motions arise from the undersigned's December 11, 2006 order converting defendants' motion to dismiss[3] into a motion for summary judgment because defendants submitted documents outside of the pleadings. Defendants seek reconsideration of the conversion order.[4] Lead plaintiff requests that

---

[1] Rec. Doc. 88.

[2] Rec. Doc. 87.

[3] There are two pending motions to dismiss/motions for summary judgment. Defendant D. Peter Canty filed a motion to dismiss (Rec. Doc. 68), which adopted the memorandum of law submitted by the above-named defendants in their motion to dismiss (Rec. Doc. 75). Since these motions are identical, they will be collectively referred to as "the motion to dismiss."

[4] Rec. Doc. 79. The Notification of Conversion only refers to defendant Canty's motion to dismiss (Rec. Doc. 68), however, it was the above-named defendants' motion (Rec. Doc. 75) which attaches documents that are outside of the pleadings. Defendant Canty has not requested reconsideration of the conversion order, however, since

the extraneous documents be excluded, or alternatively that the conversion order remain in effect, and that the decision on the converted motion for summary judgment be deferred to allow the parties time to conduct discovery.[5] Lead plaintiff filed an opposition to the motion for reconsideration and defendants replied.[6]

## *Motion for Reconsideration*

As noted in the undersigned's conversion order, Rule 12 of the Federal Rules of Civil Procedure provides the following:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P 12(b).[7]

Because defendants attached exhibits which were relied upon in the motion, but not made a part of the Complaint, the undersigned decided that the motion should be treated as a motion for summary judgment. Defendants filed the instant motion, stating that they "inadvertently

---

the Motions to Dismiss are identical, they will be treated the same, i.e., either as motions to dismiss or motions for summary judgment.

[5] Rec. Doc. 94 at pps. 1 and 10.

[6] Rec. Docs. 94, and 96.

[7] "When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment." Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998); *citing* Fed.R.Civ.P. 12(b) and Flores v. Sullivan, 945 F.2d 109, 110 n. 3 (5th Cir.1991).

failed to provide a sufficient explanation of the reasons for the submission of the Exhibits to the Court."[8]

Considering the foregoing, reconsideration of whether the motion to dismiss should be converted to a motion for summary judgment is appropriate.

### *Exhibits at Issue*

Attached to the motion to dismiss were 12 exhibits. The parties now agree that nine of those exhibits are appropriately considered in connection with the pending motion to dismiss because they are incorporated by reference into the Complaint.[9] *See* Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017-18 (5th Cir.1996) (holding that in securities fraud suits the court may consider documents attached to or incorporated by reference in the complaint, and materials of public record subject to judicial notice, including "the contents of relevant public disclosure documents which (1) are required to be filed with the SEC, and (2) are actually filed with the SEC.")

The remaining three exhibits which are at issue are:

| | |
|---|---|
| Exhibit B | "Oil and Gas Reserves Disclosure, A Cambridge Energy Research Associates Special Report" |
| Exhibit E | "Transcript of 3Q Conference Call: 3Q Operational and Financial Results of 2005" |
| Exhibit I | "Chart of Pertinent Class Period Transactions by Messrs. Canty, Price, and Yunker" |

---

[8] Rec. Doc. 88 at p. 2.

[9] Rec. Doc. 84 at p. 3.

Defendants maintain that Exhibits B, E, and I can be considered by the court in conjunction with the motion to dismiss, or alternatively, that rather than converting the motion to dismiss into a motion for summary judgment, the court should exclude these exhibits and rule on the motion to dismiss at this juncture. Lead plaintiff maintains that these exhibits are not appropriately relied upon in deciding a motion to dismiss and the court should either exclude the exhibits or convert the motion to a motion for summary judgment.

*Exhibit B: CERA Report*

Defendants submitted a 112 page document entitled "In Search of Reasonable Certainty Oil and Gas Reserves Disclosure," which is a report by Cambridge Energy Research Associates ("CERA") dated February 2005. In the motion for reconsideration, defendants explain:

> Defendants submitted the CERA Report to provide the Court with background information respecting hydrocarbon-reserve-estimation practices because – while these energy practices are at the heart of Plaintiffs' claims – the Complaint lacks any meaningful account of what hydrocarbon reserve estimates are or what engineering and other analyses are employed in determining them. The CERA Report provides a straightforward explanation of the matters from a layperson's perspective, which we submit could be of aid to the Court in adjudicating this matter by giving it a source from which it may garner judicially noticeable facts. ***
> 
> * * * A court may take judicial notice of facts such as those cited from the CERA Report because they are "capable of ready and accurate determination by resort to resources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. In any event, the Court's consideration of Defendants' few references to the CERA report – although potentially helpful – is in no way necessary for the Court to rule in Defendants' favor on the pending Motion and dismiss the Complaint.[10]

---

[10] Rec. Doc. 88 at pps. 5- 6.

Lead plaintiff asserts that the court should not take judicial notice of the CERA Report because it does not address any adjudicative fact and that since the report was written by a commercial publication, "prepared by an oil and gas advocacy group, and underwritten by oil companies and large accounting and law firms."[11] Lead plaintiff cites page ii of the report, in which defense counsel is "thanked" by CERA, and argues that the report "was apparently underwritten by defendants' counsel, Vinson & Elkins LLP, among others."[12]

Although defendants request that the court take judicial notice of the CERA Report, they conceded that the report is not necessary for determination of the motion to dismiss. A review of the motion to dismiss shows that the report is cited very few times and does not address facts that require adjudication, but rather are cited for edification purposes. Thus, as the report is not essential in ruling on the motion to dismiss, and because defendants concede this fact, the undersigned concludes that the report should be excluded as an exhibit to the motion to dismiss.

*Exhibit E: Transcript of the Conference Call*

In Paragraph 125 of the Complaint, lead plaintiff references a conference call held by Stone on November 9, 2005 in which it was decided that a comprehensive review of all the reserves should be undertaken.[13] In the motion to dismiss, defendants attach "a verbatim transcript"[14] of the conference call and cite to it "for the virtually identical statement" as

---

[11] Rec. Doc. 94 at p. 6.

[12] Rec. Doc. 94 at p 3.

[13] Rec. Doc. 61 at Paragraph 125.

[14] Rec. Doc. 96 at p. 4.

plaintiff stated in Paragraph 125.[15] Defendants contend therefore that plaintiff "is objecting to a citation that is all but identical to their own allegation" and that since plaintiff must have relied on the transcript in preparing Paragraph 125, the transcript should be deemed incorporated by reference to the Complaint.[16]

Exhibit E is an unauthenticated transcript of the conference call. There is no information regarding the origins of the transcript or who transcribed it. Thus, it is unclear whether the information contained therein is an accurate reflection of the call. More importantly, the transcript is used simply to make a "virtually identical" statement as contained in the Complaint. The transcript, therefore, is superfluous. Accordingly, the motion to dismiss can be disposed of without the transcript.

*Exhibit I: Chart of Pertinent Class Period Transactions*

Exhibit I contains a chart prepared by defense counsel summarizing and attaching Form-4 SEC filings during the relevant period. Lead plaintiff does not dispute that the Form-4 filings themselves are admissible in connection with the pending motion, but rather only the chart summarizing the filings is contested.

As it appears that the Form-4 filings are the documents upon which plaintiff's allegations are based, those documents are properly before the court. The chart, however, is not. Although defendants cite the chart throughout the motion to dismiss, the substance of the information is derived from the Form-4 filings. Since the chart contains the same information as the Form-4 filings, it is unnecessary to have both items in deciding the motion to dismiss.

---

[15] Id.

[16] Id.

## *Ruling*

Considering the foregoing, the undersigned concludes that the motion to dismiss can be properly adjudicated without the three contested exhibits. As such, Exhibits B, E, and I (chart only) shall be excluded from the motion to dismiss. Thus, the motion will not be converted to one for summary judgment, and therefore, lead plaintiff's motion to continue the disposition of the motion for summary judgment in order to allow the parties time to conduct discovery, is moot.

Accordingly, the following orders are entered:

**IT IS ORDERED** that defendants' motion for reconsideration is **GRANTED**.

**IT IS FURTHER ORDERED** that Exhibits B, E, and I (chart only) are hereby **EXCLUDED** from the motion to dismiss.

**IT IS FURTHER ORDERED** that lead plaintiff's motion to continue disposition of motion for summary judgment is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that the parties have ten days from the date of this Ruling to submit additional briefs in connection with the motion to dismiss in light of the foregoing.

Signed at Lafayette, Louisiana on February 5, 2007.

COPY SENT:
DATE: 2/5/07
BY: CW
TO: mem
See attached

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140    FAX 593-5155

6:05cv2088   In re: Stone Energy Corporation Securities Litigation

**COPY SENT:**   **VIA FAX**
**DATE: 2/5/07**
 **BY:** cww
 **TO:** Allums
   Cerone
   Galdston
   Gray
   Hoffman
   Kahn
   Mendoza
   Morrow
   Oran
   Passmore
   Pendley
   Preston
   Stewart
   Stickney
   Stuart