RECEIVED
NOV - 4 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

In Re:                                     Civil Action 05-2088 (Lead)
Stone Energy Corporation

Judge Tucker L. Melançon

Magistrate Judge Methvin

## MEMORANDUM RULING

Before the Court is an Appeal of Magistrate Judge's Order Compelling Production of Attorney Work-Product (Rec. Doc. 213) filed by Stone Energy Corporation, David H. Welch, Kenneth H. Beer, and James H. Prince ("Stone") [Rec. Doc. 219], the Original Plaintiff's opposition thereto and Stone's reply memorandum. For the reasons that follow, the Magistrate Judge's decision is affirmed in part and reversed in part.

*Standard of Review*

With some exceptions inapplicable for purposes of this motion, a magistrate judge may hear and determine any pre-trial matter pending before a district court. 28 U.S.C. § 636(b)(1). Rule 72(a) of the Federal Rules of Civil Procedure governs the review of magistrate judge orders by district court judges. Rule 72(a) provides in pertinent part that:

> "[w]ithin 10 days after being served with a copy of the Magistrate Judge's order, a party may serve and file objections to the order....The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.

Fed.R.Civ.P. 72(a)."

A pretrial discovery motion, such as the motion to compel at issue in this case, is non-dispositive and is subject to a "clearly erroneous or contrary to law" standard of review by the district court. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995). In applying this

"clearly erroneous or contrary to law" standard, a district court shall affirm the decision of the magistrate judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake. See *Moody v. Callon Petroleum Operating Co.*, 37 F.Supp.2d 805, 807 (E.D.L.A.1999)(citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).

*Background*

Plaintiffs filed this consolidated class action alleging that Stone and four of its top executives schemed to overstate Stone's proved oil and gas reserves by over 20% over a 4 ½ year period, in violation of SEC rules. The facts relevant to this ruling are as follows:

On October 6, 2005, Stone announced a significant downward revision to its estimates of proved hydrocarbon reserves. Stone also announced that it had authorized an internal investigation into the reserve statement by its Audit Committee. Stone's Audit Committee hired the law firm of Davis, Polk & Wardwell ("Davis Polk") to assist in its investigation. Davis Polk provided its report to Stone's Audit Committee on November 4, 2005. Thereafter, Davis Polk presented the conclusions of its investigation to the United States Securities and Exchange Commission ("SEC Staff") in light of the SEC informing Stone that it was conducting an informal inquiry into the downward revision of estimated proved reserves. Plaintiffs propounded its first request for production of documents and Stone responded but withheld from production the materials created by Davis Polk. Plaintiffs filed the motion to compel which is the subject of this appeal. *R. 130*.

In the August 14, 2008 Ruling at issue, the Magistrate Judge considered plaintiffs' motion to compel the materials created by the law firm of Davis, Polk & Wardwell who were hired to assist Stone's Audit Committee in its investigation into the reserved statement forming the basis of this case. Stone contends that the issue presented in its appeal of the

Magistrate Judge's Ruling is "whether a party to litigation has waived the work product protection and should be compelled to produce protected work product."[1] *R. 219.* In particular, Stone asserts in its memorandum that the Magistrate Judge was erroneous in making the following findings: (1) that Stone waived its work product protection by voluntarily producing the Davis Polk materials to the SEC Staff; (2) that Stone and the SEC Staff were "adversaries" at the time Stone made its production; and (3) that the confidentiality agreement that Stone reached with the SEC Staff governing the production did not sufficiently restrict the SEC Staff from sharing the documents with other parties. *Id.* In its reply memorandum, Stone reasserts its position that the Magistrate Judge's Ruling was clearly erroneous as to the foregoing findings, but further asserts that the Ruling did not reach the "critical issue" as to whether selective waiver is appropriate in this "opinion work product" case involving a confidentiality agreement. The Court will consider this issue first.

## *1. Opinion Work Product*

Stone does not dispute the Magistrate Judge's finding that the Davis Polk documents at issue were prepared in anticipation of litigation and are entitled to work product protection. Rather, Stone argues that the Magistrate Judge was clearly erroneous in considering the documents to be ordinary work product instead of "opinion work product." Stone maintains that because they are opinion work product, the Davis Polk materials should not be produced.

The Magistrate Judge determined that the Davis Polk materials are entitled to work product protection, but held that Stone waived its work product protection when it gave to the SEC copies of the documents generated by the Davis Polk investigation. Stone did not request that the magistrate judge perform an in camera review of the Davis Polk materials

---

[1] In the event its appeal is denied, Stone requests the Court grant him supervisory relief in order to preserve the work product protection. *R. 219.*

to determine whether or not they comprise opinion work product. *See, Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 471-472 (N.D.Tex., 2005); *In re County of Erie,* 473 F.3d 413, 416 (2d Cir.2007)(an in camera submission of materials that counsel contends are privileged is routine in cases involving claims of privilege). As the work product protection was waived and Stone presented no support for its contention that the Davis Polk materials were opinion work product, the Magistrate Judge did not extend the analysis to the specific issue of whether the Davis Polk documents were ordinary work product or opinion work product.

In its appeal, Stone did not provide for the Court's in camera review, the Davis Polk materials which it contends constitute opinion rather than ordinary work product. The Court, however, required Stone to produce for in camera review the Davis Polk materials it claims represent opinion work product. *R. 236, See In re: United States,* 397 F.3d 274, 285 (5th Cir.2005) ("In the ordinary case, a party must claim privilege with specificity, and a court can ultimately demand in camera review of privileged documents.").

The work product doctrine was first articulated by the Supreme Court in *Hickman v. Taylor,* 329 R.S. 495 (1947), and was codified in 1970 as Rule 26(b)(3) of the Federal Rules of Civil Procedure. "The applicable work product doctrine is embodied in Federal Rule of Civil Procedure 26(b)(3). Like the attorney-client privilege, the work product doctrine insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries." *Upjohn Co. v. United States,* 449 U.S. 383, 400 (1981); *United States v. El Paso Co.,* 682 F.2d 530, 543 (5th Cir.1982). Work product only protects documents produced by or for an attorney preparing for litigation. *Dunn v. State Farm Fire & Cas. Co.,* 927 F.2d 869, 875 (5th Cir. 1991).

The work-product doctrine protects two categories of materials: ordinary

work-product and opinion work product. *ReedHycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, 242 F.R.D. 357, 360 (E.D.Tex.,2007) (citing *Upjohn*, 449 U.S. at 400-02. Disclosure of "ordinary work product" is permitted if the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Fed.R.Civ.P. 26(b)(3)(A)(ii). Opinion work product, as codified in Rule 26(b)(3), states:

> In ordering discovery of such materials when the required showing has been made, **the court shall protect against disclosure of the mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation.**

Fed.R.Civ.P. 26(b)(3)(B) (emphasis supplied).

Thus, opinion work product is afforded a high degree of protection, and virtually no showing will justify discovery of such material. *Douga v. D & B Boat Rentals, Inc.*, 2007 W.L. 1428678 (W.D.La., 2007(citing 8 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure § 2025 (2d ed.2007). The Fifth Circuit has recognized "opinion work product" and noted that "some courts have provided an almost absolute protection for such materials." *In re Int'l Sys. and Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir.1982) (citing *In re Murphy*, 560 F.2d 326, 336 (8th Cir.1977); *In re Doe*, 662 F.2d 1073, 1080 (4th Cir.1981)); *See also, In re Katrina Canal Breaches Consol. Litigation*, 2008 WL 2066999, 8 (E.D.La.,2008).

Stone argues that "[t]he [Davis Polk] Materials include memoranda of witness interviews and outlines of presentations to Stone's Audit Committee and Board of Directors drafted by Davis Polk, and thus concern either mental impressions, conclusions, opinions,

or legal theories of Davis Polk...."[2] Examples of opinion work product include notes and memoranda created by an attorney or his agent, regarding witness interviews, because they contain mental impressions. *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir.1991); *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000).

In *Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir.,1999), the Fifth Circuit affirmed the magistrate judge's order authorizing the depositions of the defendant's counsel after determining that the defendant had waived the attorney-client privilege.[3] The court cited the reasoning in *Hickman, supra*, however, in precluding any inquiry into the deposed counsels' perceptions and opinions. *Id.* at 210. The Fifth Circuit stated, "'An attorney's thoughts [are] inviolate.... *Hickman*, 329 U.S. 495, 511; *El Paso Co.*, 682 F.2d at 542 (The "invasion of a lawyer's private thoughts would demoralize the profession."); *see generally* Fed.R.Civ.P. 26(b)(3) ("[T]he court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney ... of a party concerning the litigation.")."" *Id.* Based on the Supreme Court's holding as to opinion work product in *Hickman*, the *Nguyen* court reversed the magistrate judge's authorization of inquiry into counsels' perceptions and opinions as "inappropriate." *Id.* Again citing *Hickman*, the court stated that "Discovery[, however,] was hardly intended to enable a learned profession to perform its functions ... on wits borrowed from the adversary." *Id.* at 211.

Upon reviewing the Davis Pool materials submitted to the Court, the Court finds that

---

[2] The work-product doctrine protects not only materials prepared by a party, but also materials prepared by a representative of a party, including attorneys, consultants, agents, or investigators. *United States v. Nobles*, 422 U.S. 225, 228 (1975).

[3] In *Nguyen*, an action brought under the Fair Labor Standards Act, the defendant waived the attorney-client privilege by failing to assert the attorney-client privilege when privileged information was sought and by selectively disclosing portions of the privileged confidential communication. *Id.* at 206.

the materials in question consist of memoranda created by Davis Polk based on oral statements of witnesses whom Davis Polk decided to interview, as well as a letter and chart identifying the witnesses being interviewed. Also in the materials is a PowerPoint presentation which represents the culmination of Davis Polk's review. These materials reflect a deliberative process in the analysis of what information was relevant to the investigation at issue and which of Stone's employees and third parties would be likely to have that information. These types of materials are identical to those that the Supreme Court held in *Upjohn Co. v. United States*, 449 U.S. 383 (1981), were non-discoverable opinion work product in that they reflect what an attorney "saw fit to write down regarding witnesses' remarks" and "would be his [the attorney's] language, permeated with his inferences." *Id.* at 400. Just as the Supreme Court in *Hickman* singled out memoranda based on "oral statements made by witnesses" as needing the highest level of protection from discovery, the memoranda summarizing witness interviews in the Davis Pool materials must be protected from discovery. *Hickman*, 329 U.S. at 512-13; *See also*, 1970 Amendment to Rules, Advisory Committee Notes to Fed.R.Civ.P. ("The *Hickman* opinion drew special attention to the need for protecting an attorney against discovery of memoranda prepared from recollection of oral interviews.").

Based on the foregoing jurisprudence, the Court finds that the Davis Polk materials in question constitute opinion work product which "the court shall protect" as required under Rule 26(b)(3). *See generally Fed.R.Civ.P. 26(b)(3)* ("[T]he court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney ... of a party concerning the litigation."). Thus, the Magistrate Judge's Ruling was overbroad to the extent that it permitted inquiry into opinion work product and must be reversed. *Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir.,1999).

## 2. Waiver of Work Product Privilege

### a. The SEC as an adversary

Stone argues that the Magistrate Judge's Ruling was clearly erroneous in finding that the SEC was an adversary in the inquiry in question. The Court disagrees. The Magistrate Judge issued a clearly written and well-supported analysis in finding that Stone and the SEC's relationship was adversarial. Contrary to Stone's assertions, this is not a case in which a party complied with a benign request to assist the SEC in performing its routine regulatory duties. The determinative fact in analyzing the adversarial nature of the relationship is that Stone had disclosed a significant downward revision to its estimates of proved hydrocarbon reserves 60 days before the SEC Staff announced its inquiry, and therefore Stone knew that it could be the subject of an SEC investigation into its write-down of hydrocarbon reserves.

The fact that Stone cooperated voluntarily with the SEC Staff does not transform the relationship from adversarial to friendly. *Cooper Hospital/University Medical Center v. Sullivan*, 183 F.R.D. 119, 122 (D.N.J., 1998). Stone had sufficient reason to comply with the SEC even if its interests were adverse. As other courts have noted, such enforcement agencies are formidable adversaries. *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir. 1993); *In re Subpoenas Duces Tecum*, 738 F.2d 1367, 1372 (D.C.Cir.1984); *In re Sealed Case*, 676 F.2d 793, 822-23 (D.C.Cir.1982). Even though they may be considered foes, a party under investigation has significant incentives to cooperate with the authorities. The disclosing party often decides that the benefits of cooperation outweigh the possible damage that may be caused by the information it discloses. Such benefits often include more lenient treatment, avoidance of extensive formal investigation and enforcement litigation, and an opportunity to narrow the issues. *In re Steinhardt Partners, L.P.*, 9 F.3d at 236. By yielding to these formidable opponents in order to minimize future damages, a disclosing party does

not make those opponents its friend. It merely concedes that it prefers not to anger such a foe. *Id.* Accordingly, the Court finds that the Magistrate Judge's Ruling that the SEC was an adversary to Stone is not clearly erroneous.

### b. Selective Waiver

Stone contends in its appeal memorandum that Stone's confidentiality agreement with the SEC protected its disclosure of the Davis Polk materials. In its reply brief, Stone further contends that the Magistrate Judge erroneously failed to apply the doctrine of selective waiver to permit disclosure to the SEC under the confidentiality agreement without subjecting the Davis Polk materials to a general waiver. The Magistrate Judge's Ruling cited the following language in finding that the agreement gave the SEC a broad discretion to disclose the documents and gave little expectation of privacy to Stone:

> The [SEC] Staff will maintain the confidentiality of the Davis Polk Materials pursuant to this agreement and will not disclose them to any third party, *except to the extent that the Staff determines that disclosure is otherwise required by law or would be in furtherance of the Commission's discharge of its duties and responsibilities.* (emphasis in Ruling).

The Court agrees with the Magistrate Judge's holding that the confidentiality agreement between Stone and the SEC gave the SEC broad discretion to disclose the documents "in furtherance of the Commissioner's discharge of its duties and responsibilities," and therefore gave little expectation of privacy to Stone. *R. 213.* The Court further agrees with the Magistrate Judge's Ruling which declines to apply the doctrine of selective waiver. As stated by the Magistrate Judge, "In the absence of any persuasive authority in this Circuit, I conclude that selective waiver does not apply to protect disclosure of the documents at issue, whether they constitute opinion or non-opinion work product." *R. 213.* Accordingly, based on the applicable jurisprudence as well as the record before it, the Court finds

that there was no clear error in the Magistrate Judge's Ruling that Stone waived its work product protection.

*Conclusion*

For the foregoing reasons, the Court finds no clear error as to the Magistrate Judge's Ruling that Stone waived the work product privilege. Based on the Court's in camera review of the Davis Polk materials as well as the Fifth Circuit's holding in *Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir.,1999), however, the Court finds that the Davis Polk materials at issue constitute opinion work product which require an almost absolute protection under *Hickman v. Taylor*, 329 R.S. 495 (1947). Accordingly, the Magistrate Judge's Order Compelling Production of Attorney Work-Product as to the materials created by Davis Polk at the direction of the audit committee in connection with its internal investigation, that were reviewed by the Court in camera, which the Court finds to be opinion work product, are not to be produced to plaintiffs' counsel. All other documents ordered to be produced by the Magistrate Judge's Ruling must be produced to plaintiffs' counsel within fifteen (15) days, if they have not already been produced.