RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 04/30/09

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

In Re:  
Stone Energy Corporation  
Securities Litigation

Civil Action 05-cv-2088

Judge Tucker L. Melançon

Magistrate Judge Methvin

## RULE 54(B) FINAL JUDGMENT

Before the Court is Plaintiff El Paso Firemen and Policemen's Pension Fund's ("El Paso") Request For Certification and Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b) [Rec. Doc. 252], Stone Energy Corporation's ("Stone") response [Rec. Doc. 253] and El Paso's reply [Rec. Doc. 255].

On February 27, 2009, the Court entered a judgment, granting the motion for summary judgment filed by Stone and dismissing El Paso as Lead Plaintiff in this action based on El Paso's lack of capacity to sue or be sued. *R. 249.* As the grant of summary judgment related only to El Paso's rights and is not a final adjudication of the rights of the remaining putative Class members, El Paso moves the Court for entry of a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Rule 54(b) provides in part:

> "When more than one claim for relief is present in an action, whether as a claim, countercliam, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Fed. R. Civ. Proc. 54(b).

A district court is to exercise its authority to certify claims for appeal under Rule 54(b) "in the sound interest of judicial administration," taking into account such factors as

"whether the claims under review were severable from others remaining to be adjudicated and whether the nature of the claim to be determined that such no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corporation v. General Electric Company*, 446 U.S. 1, 8 (1980); *H & W Industries, Inc. v. Formosa Plastics Corporation, USA*, 860 F.2d 172 (5th Cir.1988). Whether to certify a judgment as final is up to the discretion of the trial judge, which is not subject to second guessing by the court of appeal. *H & W Industries*, 860 F.2d at 175. Rule 54(b) reflects a balancing of two policies, i.e., avoiding the danger of hardship or injustice through a delay which could be alleviated by an immediate appeal and avoiding piecemeal appeals. *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir.2000).

The disputed judgment is determinative as to only the individual claims of EL Paso, but allows claims by other parties to proceed, including claims of the putative Class. Thus, the judgment is determinative of the rights of fewer than all parties as required under Rule 54(b). Without certification for immediate appeal, El Paso's claims remain non-appealable and non-prosecutable until the rest of the Class has prosecuted the case to a final judgment. Thus, to allow appellate determination of the question controlling jurisdiction is "patently in the interests of sound judicial administration." *Skinner v. W.T. Grant Co.*, 642 F.2d 981, 984 (5th Cir.1981).

The facts to be reviewed on appeal are unique to the individual claims by El Paso and are not relevant to the remaining issues. There is a fully developed factual record. *See Khaciatrian v. Federal Election Com'n*, 980 F.2d 330 (5th Cir.1992). El Paso's issues present unique questions of law which are ripe for determination by the court of

2.

appeal. Therefore, the Court finds the judgment of February 27, 2009 should be designated as a final judgment so as to allow immediate appeal. It is therefore

**ORDERED** that Plaintiff El Paso Firemen and Policemen's Pension Fund's Request For Certification and Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b) [Rec. Doc. 252] is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of this Court is to enter **FINAL JUDGMENT** pursuant to Rule 54(b) as to only the individual claims by Plaintiff El Paso Firemen and Policemen's Pension Fund.

Thus done and signed this 29th day of April, 2009 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge