# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | | |
|---|---|---|
| *In re Stone Energy Corporation* | * | CIVIL ACTION NO. 05-CV-2088 (Lead) |
| *Securities Litigation* | * | 05-CV-2109 |
| | * | 05-CV-2220 |
| | * | |
| | * | |
| | * | JUDGE TUCKER L. MELANÇON |
| | * | MAG. JUDGE METHVIN |

## DEFENDANTS' OPPOSITION TO PIPEFITTERS LOCAL NO. 636 DEFINED BENEFIT PLAN'S MOTION TO INTERVENE AND RENEWED MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIASON COUNSEL

Defendants Stone Energy, David Welch, Kenneth Beer, and James Prince (collectively "Defendants") submit this memorandum in opposition to Pipefitters Local No. 636 Defined Benefit Plan's Motion to Intervene and Renewed Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel, filed July 16, 2009 [Dkt. No. 276] ("Motion to Intervene"). As set forth below, the Motion to Intervene should be denied for two independent and dispositive reasons: (1) there is no live case or controversy into which the Pipefitters Local No. 636 Defined Benefit Plan ("Pipefitters") may intervene; and (2) the Motion to Intervene is untimely.

## Background

On March 17, 2006, El Paso Fireman and Policemen's Pension Fund ("El Paso") was appointed Lead Plaintiff in this action [Dkt. No. 16], and on June 14, 2006 El Paso filed its Consolidated Class Action Complaint [Dkt. No. 61], which superseded all previous complaints and named El Paso as the only plaintiff in the action. Defendants moved for judgment on the

pleadings on or about June 11, 2008, seeking dismissal of the plaintiff El Paso, and accordingly, the entire action. [Dkt. No. 169]. On February 27, 2009, the Court granted that motion in part, [Dkt. 249] holding that El Paso "does not have capacity to bring this action and must be dismissed as Lead Plaintiff." [Dkt. No. 250]. The Court stated that it would allow 45 days (until April 13, 2009) for a putative class member to seek leave to be appointed as lead plaintiff. [Dkt. No. 250]. The Court subsequently entered a final judgment against El Paso on April 30, 2009, dismissing it from this case. [Dkt. No. 269]. El Paso has appealed its dismissal and that appeal is pending before the United States Court of Appeals for the Fifth Circuit. On July 16, 2009, well after the April 13, 2009 deadline for motions to intervene, Pipefitters filed its Motion to Intervene.

## Argument

*First*, the Motion to Intervene should be denied because the Court was deprived of subject matter jurisdiction when El Paso was dismissed from this action and thus there is no case into which Pipefitters may intervene. Defendants have previously detailed the legal basis for this argument in their Opposition to the City of Knoxville Employees' Pension System's Motion for Appointment as Lead Plaintiff ("Opposition to Knoxville Motion") [Dkt. No. 267], and Defendants incorporate that Opposition to Knoxville Motion fully herein. Defendants will not burden the Court with a complete reiteration of its position, which applies with equal force to the present Motion to Intervene. Defendants demonstrated in the Opposition to Knoxville Motion that the putative class members are not parties to the case, that El Paso was the only plaintiff party in the case, and thus that the dismissal of El Paso, the only plaintiff, destroyed the Article III case or controversy. *See* Opposition to Knoxville Motion, at 3-8. Without a live case or controversy, the Court lacks subject matter jurisdiction, and the action must be dismissed.

That Pipefitters has styled its application as a motion to intervene in addition to a motion for appointment as lead plaintiff does nothing to advance its cause. "Injection of absent 'class' members with live individual claims into an otherwise dead case could not correct the underlying Article III problem. '[B]ecause intervention is ancillary to the main cause of action, intervention will not be permitted to breathe life into a 'nonexistent' law suit." *Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992) (holding that district court lacked subject matter jurisdiction over the case once there was no live case or controversy with the named plaintiff; affirming denial of motion to intervene by putative class member) (citations omitted).

*Second*, even assuming *arguendo* that intervention is an appropriate possibility, which Defendants contend it is not, Pipefitters' Motion to Intervene should be denied as untimely. This Court established a 45-day period for new potential plaintiffs to move the Court for appointment as lead plaintiff, and that period expired on April 13, 2009. [Dkt No. 250]. Pipefitters acknowledges that it failed to meet that deadline. *See* Motion to Intervene, at 5. As it has offered no justifiable basis for failing to satisfy the Court's Order, its Motion to Intervene filed more than three months after this Court's deadline should be denied as untimely.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that Pipefitters' Motion to Intervene be denied in its entirety.

## Local Counsel Certificate

Local counsel certifies that it consents to the filing of this Opposition.

Respectfully submitted,

/s/ Hilary L. Preston

VINSON & ELKINS L.L.P.
Clifford Thau *(admitted pro hac vice)*
Steven R. Paradise *(admitted pro hac vice)*
Ronald L. Oran *(admitted pro hac vice)*
666 Fifth Avenue
New York, New York 10103


Hilary L. Preston *(admitted pro hac vice)*
2801 Via Fortuna, Suite 100
Austin, Texas 78746

- and -

/s/ Patrick W. Gray
Patrick W. Gray
JOHNSON GRAY McNAMARA, LLC
P.O. Box 51165
Lafayette, LA 70505


*Attorneys for Defendants Stone Energy Corporation, David H. Welch, James H. Prince, and Kenneth H. Beer*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2009, I electronically filed the foregoing using the CM/ECF system, which electronically mailed notification of such filing to all counsel of record.

                ____/s Hilary Preston_____

US 14574v.1