UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| In Re: | Civil Action 05-2088(Lead) |
| Stone Energy Corporation Securities Litigation | Judge Tucker L. Melançon |
| | Magistrate Judge Methvin |

**MEMORANDUM RULING AND ORDER**

Before the Court is a Motion to Intervene and Renewed Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel filed by proposed intervenor, Pipefitters Local No. 636 Defined Benefit Plan ("Pipefitters") [Rec. Doc. 276], as well as the City of Knoxville Employees' Pension System's ("Knoxville") opposition to Pipefitters' motion [Rec. Doc 278], Defendants', Stone Energy Corporation, David Welch, Kenneth Beer, and James Prince, opposition to Pipefitters' motion [Rec. Doc. 280] and Pipefitters' reply memorandum [Rec. Doc. 283].

Proposed intervenor, Pipefitters, responded to this Court's invitation for a member of the putative class to seek leave to be appointed lead plaintiff, *R*. 250, after the initial lead plaintiff, El Paso Fireman and Policemen's Pension Fund, was dismissed from the case in a final judgment, *R*. 269, following Defendants' partially granted Motion for Judgment on the Pleadings, *R*. 169. The Court's Judgment inviting a new lead plaintiff included a 45 day deadline beginning on February 27, 2009, the day the Judgment and supporting Memorandum Ruling were rendered. Therefore, the final day for submitting an application

to intervene as new lead plaintiff was April 13, 2009. During that time period, only Knoxville filed a timely motion seeking to become lead plaintiff, doing so on April 13, 2009. *R*. 256. Pipefitters filed their untimely motion on July 16, 2009. Knoxville's opposition memo was filed on July 29, 2009, and Defendants' opposition memo was filed on July 31, 2009.

Knoxville and Defendants contend that Pipefitters' failure to timely file their motion to become lead plaintiff within the 45 day time frame established by the Court requires the motion to fail. Pipefitters counter that they received no actual notice from current plaintiffs' counsel regarding the deadline, claiming in its motion that it "only recently and serendipitously became aware of the Court's [February 27] ruling." *R*. 276 at *5. Therefore, Pipefitters conclude, the purported errors of plaintiffs' counsel should not defeat their motion even though it was filed past the Court-established deadline.

Contrary to Piperfitters' argument, the Court finds that there are several sufficient reasons for not considering Pipefitters' untimely motion. First, Pipefitters had constructive notice of every action taken by the Court and other parties in this case through the available online monitoring. Second, Pipefitters concedes that in a telephone conversation between April 6 and April 9, 2009, Knoxville's counsel told counsel for Pipefitters that the Court had determined that El Paso lacked the capacity to serve as lead plaintiff.[1] Pipefitters had several days to confirm the information, file its motion to intervene or, at a minimum, ask the Court

---

[1] The August 10, 2009 Statement of Samuel H. Rudman, counsel for Pipefitters, states that, in a telephone conference with Gerald Silk, counsel for El Paso, Rudman learned from Silk that El Paso lacked the capacity to serve as lead plaintiff. *R. 283-3*.

for a time extension. They did none of those. Third, and perhaps most importantly, is the fact that Pipefitters' motion was filed, according to the Court's calculation, a full 94 days *after the deadline passed*. Other than a vague reference to serendipitous or fortuitous notice, Pipefitters give no explanation for their delinquency. The Court has been provided with no time frame or factual basis for judging when Pipefitters finally got up to speed on the situation, why they did not know of it in the first place, and why they did not immediately contact the Court to explain its tardiness. Shifting blame to Knoxville's counsel does nothing to advance their argument. Accordingly,

IT IS ORDERED that the Motion to Intervene and Renewed Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel filed by proposed intervenor Pipefitters Local No. 636 Defined Benefit Plan [Rec. Doc. 276] is DENIED as untimely.

Thus done and signed this 23rd day of September, 2009 at Lafayette, Louisiana..

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE