UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| In Re: | Civil Action 05-2088(Lead) |
| Stone Energy Corporation Securities Litigation | Judge Tucker L. Melançon |
| | Magistrate Judge Methvin |

### ORDER

Before the Court is Motion For Leave To File Opposed Motion For Entry Of Scheduling Order filed by Stone Energy Corporation, David H. Welch, James H. Prince and Kenneth H. Beer ("Stone") [Rec. Doc. 301], a Motion For Leave To File Motion Joining in Stone's Motion filed by D. Peter Canty [Rec. Doc. 306] and Lead Plaintiff City of Knoxville Employees' Pension Board's Response thereto [Rec. Doc. 303]. Defendants request a thirty (30) day extension of the current November 17, 2009 deadline, *R. 299*, for completion of fact discovery regarding the Motion for Class Certification filed by Lead Plaintiff on October 30, 2009, and for the filing of defendants' oppositions to the Motion. In particular, defendants contend that discovery is necessary to establish whether or not Lead Plaintiff satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure for appointment as a class representative and because Lead Plaintiff's experts, Richard E. Goldberg, Ph.D., submitted an event study which was not in his prior report, and Scott D. Hakala, Ph.D., CFA, submitted a "corrected" report and event study after fact discovery had closed.

In their Response to the Motion, Lead Plaintiff argues that defendants have adequate time to complete discovery and submit their class certification opposition by the current

deadline, November 17, because the deposition of Lead Plaintiff's representative is scheduled for November 11, 2009 and Knoxville has already timely responded to written discovery requests and expects to substantially complete its document production before the November 11 deposition. Also, the deposition of Dr. Goldberg is scheduled for November 13, 2009. Lead Plaintiff further argues that defendants' assertion that they need additional time to depose Dr. Hakala is without merit. Lead Plaintiff represents that defendants have already deposed Dr. Hakala in this case and must therefore seek leave of Court under Federal Rule of Civil Procedure 30(a)(2)(A)(ii)[1], which they have not done. Moreover, Lead Plaintiff argues that defendants have had Dr. Hakala's reports and declaration at issue for more than 15 months in connection with the prior class certification motion and defendants' *Daubert* motion, and have never sought leave of Court to depose him a second time.

The record indicates that notice of filing the corrected expert report of Scott D. Hakala, Ph.D., CFA was entered on June 24, 2008 and Lead Plaintiff represented that the report was provided to defendants on June 20, 2008. *R. 178.* In his Corrected Report, Dr.

---

[1] "A party must obtain leave of court [if the deponent has already been deposed in the case], and the court must grant leave to the extent consistent with Rule 26(b)(2)." Fed.R.Civ.P. 30(a)(2) (A)(ii). Rule 26(b)(2) provides that the court may alter the length of deposition under Rule 30. Fed.R.Civ.P. 26(b)(2)(A). However, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C).

Hakala stated that, in addition to minor edits and adding references, he had corrected the report in two respects: (1) by moving a Moody's credit rating report published on February 21, 2006 to February 22, 2006, and (2) by correcting the name of one of the companies considered in his event study analyses. *Id.* Dr. Hakala stated that "[t]hese two corrections do not change my opinions stated herein." *Id.* Thereafter, on June 27, 2008, defendants filed a *Daubert* Motion to exclude the reports and testimony of Dr. Hakala as well as their oppositions to the prior motion to certify the class. *R. 179; 180; 181*.

In light of the foregoing, it is

ORDERED that the motions for leave are denied [Rec. Doc. 301; 306], and defendants' deadline to file their oppositions is extended for fifteen (15) days after the original deadline, to December 1, 2009, limited to and solely for defendants to complete and consider the scheduled depositions of Lead Plaintiff's representative and of Dr. Goldberg.

Thus done and signed this 13th day of November, 2009 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE